IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARREN PREACELY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-10-0492 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Darren Preacely, proceeding *pro se*, is a former Project Manager for the City of Houston's Housing and Community Development Department. He filed this employment discrimination lawsuit against the City of Houston and individuals Richard S. Celli and Donald H. Sampley, alleging race discrimination culminating in the termination of his employment with the City. Plaintiff seeks reemployment and monetary relief.

The case is now before the Court on the Motion to Dismiss [Doc. # 3] filed by Defendants Celli and Sampley. The individual Defendants argue that plaintiffs asserting Title VII claims in the Fifth Circuit cannot sue both the employer and its individual agents. Plaintiff filed a Response [Doc. # 10] and a Supplemental Response [Doc. # 13], and Defendants Celli and Sampley filed a Reply [Doc. # 15].

Having reviewed the full record and applied governing legal authorities, the Court **grants** the individuals' Motion to Dismiss.

"Relief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. University of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) (citing 42 U.S.C. § 2000e(b) (definition of "employer"); *Grant v. Lone Star Co.*, 21 F.3d 649, 651-53 (5th Cir.1994)). While the statutory definition of employer[1] includes any agent of the employer, the Fifth Circuit has concluded that Congress merely intended to incorporate *respondeat superior* liability into Title VII by this inclusion. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). It is clearly established in the Fifth Circuit that "a party may not maintain a suit against both an employer and its agent under Title VII." *Id.*; *see also King v. Louisiana*, 294 F. App'x 77, 83 (5th Cir. Sept. 23, 2008).

The moving Defendants, individual agents of the City of Houston, are not proper defendants in this Title VII case. Consequently, it is hereby

**ORDERED** that Defendants Richard S. Celli and Donald H. Sampley's Motion to Dismiss [Doc. # 3] is **GRANTED** and Plaintiff's claims against these individual

---

[1] Plaintiff asserts that the individual Defendants were appointed by the Mayor and, therefore, are not civil servants within Title VII's definition of "employee." The relevant issue here, however, is whether the individual Defendants were Plaintiff's "employer" as that term is defined in Title VII as interpreted by the Fifth Circuit.

Defendants are **DISMISSED**.  Plaintiff's claims against Defendant City of Houston remain pending.

SIGNED at Houston, Texas, this 11th day of **May, 2010**.

_____
Nancy F. Atlas
United States District Judge